UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DARNELL WILSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:18-CV-00932 JAR |
| DAN REDINGTON, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Appointment of Counsel (Doc. No. 12). Petitioner asserts that he cannot adequately represent himself in this case because all of his exhibits were thrown away "do [sic] to a riot that [he] did not participate in." For the following reasons, the motion will be denied without prejudice.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. Id.; Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

After considering these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, and it is evident that Petitioner is able to present his claims. Further, Petitioner's vague assertion that his exhibits were

1

thrown away does not sufficiently explain to the Court why appointed counsel is necessary to advance his claims. Consequently, Petitioner's motion for appointment of counsel will be denied, without prejudice to refiling at a later time in this case, if Petitioner chooses to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel [12] is **DENIED**.

Dated this 29th day of October, 2018.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**