# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL WILSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:18-CV-00932 JAR |
| DAN REDINGTON, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Darnell Wilson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2). The matter is fully briefed and ready for disposition. For the following reasons, Petitioner's Petition under 28 U.S.C. § 2254 is **DENIED** and this action is **DISMISSED**.

**I.    Background**

Following a plea of guilty on July 24, 2015, Petitioner was sentenced to concurrent terms of five (5) years for assault on a law enforcement officer in the second degree by placing the officer in apprehension of serious physical injury by driving his vehicle in the direction of the officer to escape arrest; two (2) years for stealing, third offense; and two (2) years for resisting arrest. Petitioner did not appeal his conviction or sentence.

Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. An amended motion was filed on March 2, 2016. In his amended motion, Petitioner alleged he was denied his rights to due process and effective assistance

counsel when the State court accepted his guilty plea without a sufficient factual basis to support a finding of guilt on the charge of assault on a law enforcement officer in the second degree. (Doc. No. 9-2 at 87). According to Petitioner, the dash camera video from his arrest, which he asserted was "misplaced" by St. Louis County, showed that his vehicle never came straight towards the officer in such a way that he would have been in apprehension of serious physical injury. (Id. at 89, 93).

The motion court denied Petitioner's post-conviction motion without an evidentiary hearing, finding his plea was made intelligently and voluntarily with an understanding of the charge and elements of the crime. Additionally, the motion court noted that Petitioner's claim that there was not a sufficient factual basis for the plea was clearly refuted by the record because Petitioner admitted his guilt to the facts and elements and was aware of the nature of the charge. (Id. at 104). The court further found Petitioner's argument regarding any video evidence to be irrelevant as the video evidence was never presented at his plea, and thus not a part of the plea record. (Id.). The Missouri Court of Appeals affirmed the denial. See Wilson v. State, No. ED 105447 (Mo. Ct. App. Jan. 30, 2018) (per curiam). Petitioner is currently incarcerated at the Ozark Correctional Center in Fordland, Missouri.

In the instant petition for writ of habeas corpus, Petitioner alleges one ground for relief, namely that there was an insufficient factual basis for his guilty plea because the trial court denied him his due process rights by "misplacing" the dash camera video. (Doc. No. 2 at 5). Respondent argues that because Petitioner unsuccessfully raised this claim in his Rule 24.035 motion and appeal, his claim should be denied. (Doc. No. 9 at 4). In reply, Petitioner claims the dash camera footage was misplaced to protect Sergeant Milberg, the officer in question, who

shot Petitioner during the arrest, and that without that footage, Petitioner was coerced to plead guilty. (Doc. No. 13).

Petitioner has supplemented his claim with a police report that states that Milberg attempted to approach Petitioner's vehicle from the passenger side and then fired through the driver's side windshield and window. (Doc. No. 15-1 at 2-3). Respondent argues that Petitioner's suggestion that Milberg approached from the passenger side and then ended up on the driver's side of the vehicle when the car swerved to the sidewalk, that is neither impossible or exculpatory. (Doc. No. 22). The photos Milberg includes show the vehicle heading in the direction of the officer, and the officer pointing his weapon as the vehicle is in front of him and then passes him. Id. This, Respondent asserts, is what Petitioner pled guilty to. Id.

**II.  Standard of review**

Where a claim has been adjudicated on the merits in state court, a writ of habeas corpus cannot be granted unless the state court's adjudication:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Habeas review is limited to the record before the state court that adjudicated the claim, Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011); 28 U.S.C. § 2254(d)(1), and the state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 558 U.S. 290, 293 (2010).

### III. Discussion

The requirement that there be a factual basis for a plea does not rest in the Constitution and is non-cognizable in a federal habeas action. Williams v. Purkett, No. 4:07CV491 CDP, 2007 WL 4378151, at *2 (E.D. Mo. Dec. 13, 2007) (citing Wabasha v. Solem, 694 F.2d 155, 157 (8th Cir. 1982) (factual basis requirement rests in Fed. R. Crim. P. 11(f), not the Constitution)). Rather, the Constitution requires only that a guilty plea be knowing and voluntary. Id. (citing United States v. Broce, 488 U.S. 563, 569 (1989)). However, establishment of a factual basis may be constitutionally required when the guilty plea is accompanied by claims of actual innocence. Wabasha, 694 F.2d at 157.

In this case, Petitioner did not proclaim his innocence during his plea colloquy. Instead, he agreed with the prosecutor's statements that he "purposely placed Daniel Milberg, a law enforcement officer, in apprehension of immediate serious physical injury, by driving his vehicle in the direction of the officer to escape an arrest." (Doc. No. 9-1 at 3). Petitioner reiterated his responsibility for the crimes at the beginning of his sentencing hearing. (Id. at 4). Because Petitioner's guilty plea was not coupled with a claim of innocence, he has not made a cognizable claim for federal habeas relief based on an insufficient factual basis.

Moreover, even if a factual basis were constitutionally required, such a basis was established in this case; Petitioner's sworn testimony during the plea colloquy that he was guilty of the crimes charged provides a sufficient factual basis for the plea. See United States v. Brown, 331 F.3d 591, 595 (8th Cir. 2003) ("We have held that facts gathered from the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a colloquy between the defendant and the district court, and the stipulated facts before the district court are

sufficient to find a factual basis for a guilty plea." (internal citations omitted)); see also Meza-Lopez v. United States, 929 F.3d 1041, 1045 (8th Cir. 2019).

The Court notes that Petitioner references Brady[1] for the first time in his reply in connection with the "misplaced" dash cam video. (Doc. No. 13 at 1). In Brady, the Supreme Court held that due process is violated where the State fails to disclose evidence that is favorable to the accused and material to either guilt or punishment. Villasana v. Wilhoit, 368 F.3d 976, 978 (8th Cir. 2004) (citing Brady, 373 U.S. at 87). Evidence is material only when there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Williams v. Pash, No. 17-06041-CV-SJ-ODS, 2017 WL 3611992, at *3 (W.D. Mo. Aug. 22, 2017).

Brady only applies where the defense discovers information after trial that had been known to the prosecution at trial. When "the existence of the allegedly suppressed evidence bec[omes] known to the defense," there is no Brady violation. Villasana, 368 F.3d at 979 (citations omitted). Here, Petitioner and his counsel were aware of the dash camera video's existence. For this reason alone, there was no Brady violation. Furthermore, Petitioner did not show he was prejudiced by the misplacement of the dash camera footage. Petitioner argues he would not have pled guilty to the charge of assault on a law enforcement officer had he been in possession of the footage. However, this argument is without merit because Petitioner knew about the evidence at the time he took the plea and admitted under oath that he deliberately placed a law enforcement officer in apprehension of serious physical injury by driving his vehicle in the direction of the officer to escape arrest. Thus, Petitioner has failed to demonstrate a

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

Brady violation. Petitioner's motion requesting the Court consider the allegedly false deposition testimony of Detective Trent Koppel given in another case has no relevance to his habeas claim herein and will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Inconsistent Statement, False Information Incident Report, and False Information in Trent Koppel Deposition in Support of Petitioner's 28 U.S.C. § 2254 [21] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [2] is **DENIED**, and his claims are **DISMISSED with prejudice.** A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FINALLY ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied,* 525 U.S. 834 (1998).

Dated this 4th day of February, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**